### IN THE UNITED STATES DISTRICT COURT FOR THE
### WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **HASSAN A. ABDULBAQI, III,** | ) | CIVIL ACTION NO. |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| **UNITED STEELWORKERS,** | ) | JURY TRIAL DEMANDED |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

### I. PRELIMINARY STATEMENT

By this action, Plaintiff Hassan A. Abdulbaqi, III ("Plaintiff") seeks wage loss, compensatory and punitive damages, and costs and attorneys' fees as a result of being subjected to direct discrimination and a discriminatory hostile work environment by Defendant United Steelworkers ("Defendant") because of his national origin, Saudi Arabian, and thereafter suffering retaliation for complaining to the Defendant about being subjected to national origin discrimination, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-2(a)(1) and 42 U.S.C. § 2000e-3(a), respectively.

### II. JURISDICTION

1. This Court has jurisdiction of this matter by virtue of 28 U.S.C. § 1331, in that this is a civil action wherein the matter in controversy arises under the laws of the United States.

2. Venue is proper in this judicial district under 28 U.S.C. § 1391(b), in that this is a civil action in which jurisdiction is not founded solely on diversity of citizenship and the acts constituting a substantial part of the events and omissions giving rise to the claims occurred in the Western District of Pennsylvania.

3.      On April 25, 2023, Plaintiff filed a timely Charge of Discrimination with the EEOC (533-2023-01426) against Defendant, raising substantive allegations supporting claims of hostile environment national origin discrimination and retaliation.

4.      On December 21, 2023, the EEOC issued a Notice of Right to Sue letter to Plaintiff, notifying Plaintiff that he has the right to file a lawsuit within 90 days of the notice.

### III.     PARTIES

5.      Plaintiff Hassan A. Abdulbaqi, III ("Plaintiff") is an adult Saudi Arabian national individual who resides at 1909 Waterfront Place, Apt. 167, Pittsburgh, PA 15222.

6.      Defendant United Steelworkers ("Defendant") is a trade union located at 60 Boulevard of the Allies, Pittsburgh, PA 15222.

### IV.     STATEMENT OF CLAIM

7.      Plaintiff began working for Defendant on May 23, 2022 as an arbitration intern initially and then a casual employee.

8.      Plaintiff worked for Defendant until August 22, 2022 initially. At that time, Defendant told Plaintiff to take some time off.

9.      Plaintiff began to work for Plaintiff again on September 1, 2022 until December of 2022.

10.     In the second week of December, Defendant told Plaintiff that Defendant would get Plaintiff a permanent human resources job and Defendant told Plaintiff to take three weeks off.

11.     Plaintiff started working with Defendant again on January 6, 2023 without the human resources job and Defendant supervisors asked Plaintiff to sign up until March 31, 2023

in order to get the human resources job. Defendant supervisor Mike Yoffee said to Plaintiff that it would take three months for Plaintiff to get the human resources job.

12. On March 15, 2023, Mike Yoffee stated in his email that Defendant would extend Plaintiff's employment through Friday, April 28, 2023.

13. Plaintiff complained by email and verbally to Defendant supervisors Mike Yoffee and Bob Clark and got excluded on March 20, 2023 as retaliation for what Plaintiff said. Liz, white female US national coworker, was given a clerical position when she was less qualified and less efficient compared to Plaintiff.

14. Mike Yoffee further retaliated against Plaintiff by informing Plaintiff via email that Plaintiff's last day of work would be April 28, 2023 and Plaintiff's work would not be extended beyond that date.

15. Throughout Plaintiff's time at Defendant, Plaintiff was continually harassed.

16. Bob Clark, a Defendant employment attorney, quizzed Plaintiff as to what Plaintiff was working on.

17. Plaintiff's boxes of files were continually moved around and inspected without Plaintiff being present.

18. Mike Yoffee, Director of Collective Bargaining and Assistant to Defendant President, constantly stared at Plaintiff and spied on Plaintiff.

19. Mike Yoffee specifically told Plaintiff that Yoffee was going to pick on Plaintiff.

20. Both Mike Yoffee and Bob Clark told Plaintiff that he would be hired permanently and the appropriate doscuments would be submitted to the USCIS but this never occurred.

21. During Plaintiff's arbitration internship, Plaintiff was receiving $18 per hour and then $20 per hour to, *inter alia*, help move boxes because Defendant was changing the office carpet and then Mike Yoffee stated in email that Defendant would give Plaintiff $18 again and stated the rate is $15 and the additional for commuting costs and parking. After graduating on January 6, 2023, Plaintiff was getting $18 per hour again (full-time) with casual health insurance. However, the lowering of the hourly rate was in retaliation for Plaintiff complaining about differential treatment based upon national origin.

22. Mike Yoffee also gave Plaintiff a French language assignment (Québec Canadian collective agreements) and said to Plaintiff "you now are going to learn another language." The boxes of those French language agreements were carried and sent to Plaintiff's office by two co-workers Sam and Susan and Yoffee was with them. Plaintiff was the only one who was treated in this way.

23. US nationals were never treated in this way being promised positions and then not being granted them and being retaliated against for complaining about not being hired for promised positions.

## V.   CLAIMS FOR RELIEF

### COUNT I – VIOLATION OF TITLE VII – NATIONAL ORIGIN DIRECT DISCRIMINATION, DISPARATE TREATMENT, AND HOSTILE WORK ENVIRONMENT, PLAINTIFF v. DEFENDANT

24. Plaintiff incorporates by reference the averments contained in all preceding paragraphs as if fully set forth herein.

25. Defendant has intentionally and willfully engaged in a series of unlawful acts, practices, policies, and/or procedures in discriminating against Plaintiff with respect to

compensation, terms, conditions, or privileges of employment in violation Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-2(a)(1).

26. Defendant subjected Plaintiff to a pervasive hostile work environment, which was induced by its intent to discriminate against Plaintiff on the basis of his national origin, Saudi Arabian, as evidenced by its actions as set forth above. Defendant's actions against Plaintiff over a period of employment was part of a pattern creating a hostile environment for Plaintiff.

27. Plaintiff suffered discriminatory animus in terms of his supervision, assignments, pay, and job opportunities, etc.

28. Plaintiff has been directly harmed because of Defendant's violation as is fully set forth above.

### COUNT II – VIOLATION OF TITLE VII – RETALIATION, PLAINTIFF v. DEFENDANT

29. Plaintiff incorporates by reference the averments contained in all preceding paragraphs as if fully set forth herein.

30. Defendant has intentionally and willfully engaged in a series of unlawful acts, practices, policies, and/or procedures in discriminating against Plaintiff with respect to compensation, terms, conditions, or privileges of employment in violation Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-3(a).

31. Defendant retaliated against Plaintiff by taking actions against Plaintiff as described above because of his prior complaints of national origin discrimination against Defendant as set forth above.

32. This retaliation includes pay deductions, negative role assignment, lack of consideration for job opening, and termination.

33. Plaintiff has been directly harmed because of Defendant's violation as is fully set forth above.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that this Honorable Court will:

(a) Assume jurisdiction herein;

(b) Declare Defendant's conduct to be unlawful and an intentional violation of Plaintiff's rights;

(c) Award Plaintiff wage loss damages, including back pay, front pay, and lost future earnings, damages associated with the increased tax burden of any award, and lost fringe and other benefits of employment, including health, dental, and vision benefits;

(d) Award Plaintiff compensatory and punitive damages against Defendant so as to deter similar discrimination and because Defendant's actions were wanton and malicious;

(e) Award Plaintiff pre and post-judgment interest;

(g) Award Plaintiff costs and attorneys' fees under all counts; and

(h) Grant such other relief as the Court deems just and appropriate.

## **Demand for Jury Trial**

Plaintiff hereby demands a jury trial.


        Respectfully submitted,

        **O'HANLON SCHAWARTZ, P.C.**

        _____
        STEPHEN T. O'HANLON, ESQUIRE

DATE:  March 19, 2024

**O'HANLON SCHWARTZ, P.C.**
BY:    Stephen T. O'Hanlon, Esquire (PA Bar # 208428)
Attorneys for Plaintiff
2 Penn Center, Suite 1410
1500 John F. Kennedy Boulevard
Philadelphia, PA 19102
Tel:  (267) 546-9066
Fax: (215) 563-6617
steve@ohanlonschwartz.com